**FILED**
CHARLOTTE, NC

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

Charlotte Division

DEC 3 0 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| Elvire Simonvil<br><br>_____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>-v-<br>American Airlines Inc.<br><br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued.  If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  3:24-cv-1132-KDB<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  ☑ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Elvire Simonvil |
| Street Address | 2390 W Pico Blvd. #75772 |
| City and County | Los Angeles, Los Angele |
| State and Zip Code | California 90075 |
| Telephone Number | 954-358-9458 |
| E-mail Address | simonvilee@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | American Airlines Inc. |
| Job or Title *(if known)* | |
| Street Address | 2626 Glenwood Ave., Suite 550 |
| City and County | Raleigh, Wake County |
| State and Zip Code | NC 27608 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 1981 (racial discrimination), 18 U.S.C. § 2511 (wiretapping), 18 U.S.C. § 1951 - Hobbs Act (extortion), and 18 U.S.C. § 1030 (coercion and extortion), the Equal Protection Clause of the 14th Amendment through 42 U.S.C. § 1983 (gender discrimination), •18 U.S.C. § 1519: (obstruction of justice)

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual

   The plaintiff, *(name)*  Elvire Simonvil                                , is a citizen of the
   State of *(name)*  California                          .

   b.     If the plaintiff is a corporation

   The plaintiff, *(name)*  American Airlines                          , is incorporated
   under the laws of the State of *(name)*     Texas                                      ,
   and has its principal place of business in the State of *(name)*

   North Carolina                          .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

   a.     If the defendant is an individual

   The defendant, *(name)*                                          , is a citizen of
   the State of *(name)*                                   . Or is a citizen of
   *(foreign nation)*                                   .

    b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
$4,000,000 - Punitive damages, compensatory damages, financial disruptions, psychological harm impact.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

This is a civil action seeking damages for invasion of privacy, racial and gender discrimination, blackmail, extortion, obstruction of justice, defamation and slander, intentional infliction of emotional distress, coercion and duress, violation of federal wiretapping laws, breach of contract, and unfair and deceptive trade practices arising from Defendant's unlawful and egregious conduct.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Compensatory Damages, Restitution, Punitive Damages, Treble damages, Prejudgment and Postjudgment Interest, Attorneys' Fees and Costs, Non-Monetary Relief: Order Defendant to provide employee training, Obstruction of Justice Damages, $4,000,000 in Punitive damages, compensatory damages, financial disruptions, and psychological harm and impact.

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     12/26/2024

Signature of Plaintiff

Printed Name of Plaintiff     Elvire Simonvit

### B.     For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

Case No.:

Elvire Simonvil, Plaintiff

v.

American Airlines, Inc., Defendant

COMPLAINT

(Jury Trial Demanded)

## I. INTRODUCTION

1. This is a civil action seeking damages for invasion of privacy, racial and gender discrimination, blackmail, extortion, obstruction of justice, defamation and slander, intentional infliction of emotional distress, coercion and duress, violation of federal wiretapping laws, breach of contract, and unfair and deceptive trade practices arising from Defendant's unlawful and egregious conduct on December 30th 2023.

2. Plaintiff seeks to hold Defendant accountable for actions that constitute a violation of Plaintiff's civil rights, customer service ethics, and federal and state laws. The claims herein are supported by specific incidents that occurred during Plaintiff's travel to attend a devastating event, and by legal authority.

3. Plaintiff was traveling to attend a memorial funeral, an emotionally devastating and time-critical event, when Defendant's employees aware of the event, engaged in abusive, unlawful and discriminatory conduct and not only sought to conceal its wrongful conduct but also engaged in criminal behavior intended to intimidate and suppress evidence. This further exacerbates the severity of Defendant's actions. This incident further compounded Plaintiff's distress and inseparably linked the memory of the deceased to this traumatic incident.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity jurisdiction), as the parties are citizens of different states, and the amount in controversy exceeds $75,000.

5. Plaintiff's claims arise under federal law, including 42 U.S.C. § 1981 (racial discrimination), 18 U.S.C. § 2511 (wiretapping), 18 U.S.C. § 1951 - Hobbs Act (extortion), and 18 U.S.C. § 1030 (coercion and extortion), the Equal Protection Clause of the 14th Amendment through 42 U.S.C. § 1983 (gender discrimination), •18 U.S.C. § 1519: (obstruction of justice), and state law claims are subject to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as they arise from the same facts and controversy as the federal claims.

7. Plaintiff's state law claims, including defamation and slander, invasion of privacy, unfair and deceptive trade practices, blackmail, coercion and duress, intentional infliction of emotional distress, and breach of contract, are closely tied to Defendant's discriminatory and unlawful behavior.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to this lawsuit occurred in Charlotte, North Carolina, and the Defendant conducts business in this district.


III. PARTIES

9. Plaintiff, Elvire Simonvil, is a resident of Los Angeles, California

10. Defendant, American Airlines, Inc., is a corporation headquartered in Fort Worth, Texas, conducting regular business in North Carolina.


IV. FACTUAL BACKGROUND

11. Defendant's employees, including the gate agent, were fully aware from the outset that Plaintiff was traveling to a memorial funeral. Despite this knowledge, the gate agent engaged in hostile, discriminatory, and unlawful conduct, intentionally ridiculing and publicly shaming Plaintiff in front of other passengers and bystanders.

12. The gate agent publicly humiliated Plaintiff by loudly stating multiple comments including and not limited to, "You're mad because you can't get a seat for free," and, "I don't owe you a hello," after offering a warm greeting and more available seating to a white male passenger. The agent later also stated Plaintiff could pay for the seat, leave or be kicked off the flight. These and other demeaning comments were made in a loud voice, overheard by other passengers and people nearby, causing Plaintiff embarrassment and reputational harm in a public setting. The gate agent's actions were intentional and aimed at ridiculing Plaintiff.

13. These statements were entirely false. Plaintiff had paid for her seat in full and never requested a free seat. The gate agent's remark was intended to falsely suggest that Plaintiff could not afford a better seat and needed one for free, and was attempting to solicit misconduct, further shaming her and damaging her reputation. The gate agent's comments were made loudly and were based on unfounded and harmful stereotypes, causing reputational harm and mental anguish. This false and stigmatized assumption was meant to publicly shame and humiliate Plaintiff, and was based on discriminatory biases aimed at diminishing her dignity and reputation.

14. The gate agent misrepresented seat availability to Plaintiff, falsely claiming that only one seat was available. However, moments later, the same gate agent offered three new seats to a white male passenger, further demonstrating discriminatory treatment based on race and gender. This action highlights the gate agent's biased behavior, as it contradicted the earlier statement made to Plaintiff. This was another example of discriminatory treatment, with preferential seating offered to a white male passenger while plaintiff was denied access to seating options.

15. A coworker of the gate agent witnessed this conduct and laughed at Plaintiff during the interaction, further compounding the hostile and humiliating environment. The laughter and lack of intervention by the coworker underscored the intentional nature of the public shaming and ridicule.

16. Plaintiff's grief was particularly compounded by the nature of the memorial funeral she was en route to attend. Plaintiff had been a primary caregiver to the deceased for months trying to nurse the deceased family member to health before their death. This incident further exacerbated Plaintiff's suffering during this profound loss, resulting in severe trauma and mental health impact that is now permanently linked to memories of shame and humiliation Plaintiff experienced while traveling to mourn the deceased. The gate agent damaged Plaintiff in a deeply personal and public manner.

17. Plaintiff seeks to emphasize that the timing and context of Defendant's actions—occurring while she was mourning the loss of a close family member—amplified her emotional distress and constituted extreme and outrageous conduct.

18. The gate agent was flagrant in their malicious and abusive behavior and rejected resolution. Despite Plaintiff remaining composed, the gate agent continued to escalate the situation multiple times and even as Plaintiff was walking away, the agent stated loudly, "I'm not playing with that girl today," an intimidating and discriminatory remark based on Plaintiff's gender. The comment was loud, further amplifying Plaintiff's humiliation. These actions were not accidental but a deliberate effort to shame and embarrass Plaintiff.

19. In an effort to cover up their wrongful conduct, Defendant's employees coerced Plaintiff. The gate agent, with assistance from a supervisor, demanded Plaintiff's phone so they can search through it, under coercion and duress, threatening that Plaintiff would not be allowed to board the flight unless she surrendered her phone to them so they could search through it and delete recordings and unless Plaintiff deleted audio recordings of the egregious incident. This further compounded the trauma of the incident. Defendant sought to conceal its wrongful conduct by

engaging in criminal behavior intended to intimidate and suppress evidence. This further exacerbates the severity of Defendant's actions.

20. Defendant's actions violated Plaintiff's right to privacy and constituted an abuse of authority, as no legitimate basis existed for demanding her personal property or interfering with her lawful recording.

21. Defendant's actions violated Plaintiff's right to privacy and constituted an abuse of authority by demanding Plaintiff's personal property, no legitimate basis existed for demanding her personal property and interfering with her lawful recording. Defendant's employees engaged in actions that obstructed justice, particularly the tampering and destruction of evidence. These actions were taken with the intent to suppress critical evidence of the misconduct Plaintiff endured. The threat of denying boarding unless Plaintiff complied with the unlawful demand constituted coercion and the deliberate suppression of evidence.

22. The gate agent and supervisor knowingly engaged in this unlawful act with the purpose of preventing evidence of their discriminatory and illegal conduct from being used in any potential investigation or legal action. The destruction and tampering with Plaintiff's phone and recordings were intended to obstruct justice by preventing the documentation of the gate agent's misconduct.

23. The failure to identify the gate agents, combined with the coercive and discriminatory actions taken by Defendant's employees, constitutes a clear obstruction of justice. The hidden identities of Defendant's gate agents, coupled with the efforts to conceal evidence, further demonstrate Defendant's intent to avoid accountability and obstruct any legal recourse Plaintiff may have sought.

24. Plaintiff complied under coercion and duress, as she needed to attend the memorial funeral and could not miss the only flight left to attend the memorial funeral.

25. Defendant's actions, including the demand for Plaintiff to surrender her phone to be searched and have audio deleted and the demand for Plaintiff to delete lawful recordings under the threat of denying boarding constitute blackmail and extortion, which is criminal behavior. The gate agent and supervisor sought to cover up the agent's wrongful conduct by threatening to prevent Plaintiff from boarding unless she complied with their unlawful demand. The threat to withhold essential services (boarding a flight to a time-sensitive event) in exchange for deleting evidence of their misconduct, constitutes a clear case of blackmail, as it involved coercing Plaintiff to give up something valuable (her phone and the recording) under threat of harm (denial of boarding).

26. Legal precedent indicates that threats to withhold essential services in exchange for concessions constitute duress and may rise to the level of unlawful coercion, blackmail and extortion under state and federal law.

27. The humiliation and mistreatment did not end at the gate and during the flight Plaintiff experienced retaliatory and isolating treatment. The passengers who witnessed the slanderous and demeaning statements stared at the Plaintiff throughout the flight, further intensifying her feelings of humiliation. Flight attendants who greeted each passenger warmly, pointedly turned

their faces, removed their smiles and ignored Plaintiff both when she boarded and deboarded the plane. The combined actions of the gate agent and the continued experience on the plane, extended the emotional distress during an already devastating time.

28. The emotional trauma Plaintiff endured has permanently altered her memories of mourning the deceased family member and is now inseparably linked to the traumatic experience of the Defendant's unlawful and discriminatory conduct. Defendant's actions caused Plaintiff ongoing trauma, severe emotional distress, reputational harm and profound embarrassment during an already immensely difficult and emotional time.

29. None of the gate agents involved wore name tags or provided visible identification. The one agent who wore something had it facing the backwards. Plaintiff, seeking to hold the agent accountable for her action, requested the name of the gate agent responsible for the initial misconduct. The agent verbally provided a name but immediately followed with a loud coercive and threatening statement, stating that Plaintiff could either pay for the seat, leave, or be kicked off the flight. This further perpetuated the notion that Plaintiff was attempting to engage in misconduct, could not afford a seat, and wanted a 'seat for free,' thereby humiliating and intimidating Plaintiff and obstructing her right to seek justice

30. The absence of visible name tags or other identifying markers among the gate agents represents unusual and unprecedented behavior for gate agents in the airline industry, which generally prioritizes transparency and accountability in customer interactions. This concealment of employee identities hindered Plaintiff's ability to accurately identify those responsible for the unlawful conduct and further exacerbated Plaintiff's emotional distress and the subsequent obstruction of justice.

31. The failure to identify the gate agents, combined with the coercive and discriminatory actions taken by Defendant's employees, is a violation of Plaintiff's rights and demonstrates a pattern of improper conduct within Defendant's operations. The hidden identities of Defendant's gate agents stand in stark contrast to industry norms and Defendant's own policies, further demonstrating systemic issues in Defendant's handling of this matter.

32. Defendant's physically intimidated Plaintiff by invading in her personal space to coerce the surrender of the phone to be searched.

(Evidence available for Factual Background include and are not limited to: recording of interaction from Plaintiff, recorded call, airport surveillance recording, written statement from Plaintiff, witness accounts, medical records, travel documentation, proof of memorial funeral, proof of caregiving, documents and flight records).

## V. LEGAL CLAIMS

Count 1: Racial Discrimination (42 U.S.C. § 1981)

33. Defendant's gate agent intentionally discriminated against Plaintiff based on her race, interfering with Plaintiff's right to contract for transportation services on equal terms. Under 42 U.S.C. § 1981, it is well-established that racial discrimination in the provision of services, including transportation, violates federal law (See *Runyon v. McCrary*, 427 U.S. 160 (1976)).

34. Plaintiff was subjected to disparate treatment, as evidenced by the gate agent offering preferential treatment to a white male passenger immediately after denying Plaintiff the same opportunities of access to seating availability and treatment. Plaintiff seeks compensatory and punitive damages.


Count 2: Extortion (Federal and North Carolina Law)

Federal Claim (18 U.S.C. § 1951 - Hobbs Act):

35. Defendant's employees engaged in extortion as defined under 18 U.S.C. § 1951 by wrongfully using coercion and threats to force Plaintiff to hand the Defendant her phone so they can search through it and delete audio and forcing Plaintiff to delete lawful audio recordings under the threat of preventing Plaintiff from boarding the flight, which was essential for Plaintiff to attend a time-sensitive and emotionally significant event (a memorial funeral).

36. Plaintiff's ability to retain her personal property (her phone) and the audio recording constituted a "thing of value," as it represented critical evidence of Defendant's discriminatory and unlawful conduct. The employees' actions in demanding Plaintiff hand them her phone for their search and deletion and demanding deletion of the recordings under threat of harm (denial of boarding) meet the federal definition of extortion.

37. Defendant's actions affected interstate commerce, as the incident occurred during Plaintiff's travel via an airline operating across state lines.

38. Plaintiff seeks compensatory and punitive damages for the harm caused by Defendant's extortionate conduct, including emotional distress, loss of evidence, and reputational harm.

North Carolina Claim (N.C. Gen. Stat. § 14-118.4):

39. Defendant's employees committed extortion under North Carolina law by coercing Plaintiff to hand them her phone to be searched through and have audio deleted and coercing Plaintiff to delete lawful audio recordings under the threat of harm, specifically denying her the ability to board her flight.

40. The recording, her personal phone, as well as Plaintiff's ability to document the unlawful and discriminatory actions of Defendant's employees, constituted a "thing of value" under North Carolina law. Defendant's employees demanded this "thing of value" by means of coercion, intimidation, and threats.

41. Plaintiff had no reasonable choice but to comply, as missing the flight would have prevented her from attending the memorial funeral, causing significant personal and emotional harm.

42. Defendant's actions caused Plaintiff to suffer emotional distress, financial harm, reputational damage, and loss of critical evidence.

43. Plaintiff seeks compensatory and punitive damages for the harm caused by Defendant's extortionate conduct.

Count 3: Violation of Federal Wiretapping Laws (18 U.S.C. § 2511)

44. Defendant's demand for Plaintiff to hand her phone over to be searched and have audio deleted and the demand to delete audio recordings violated her rights under federal wiretapping laws, as the recording was lawful, and their coercion constituted interference.

45. Plaintiff's recording was lawful under federal and state law, as it occurred in a public setting where no reasonable expectation of privacy existed. Defendant's interference was unlawful and intended to conceal wrongdoing and suppress evidence and unlawful conduct.

Plaintiff seeks compensatory and punitive damages for the harm caused by this unlawful conduct.

Count 4: Gender Discrimination (Equal Protection Clause of the 14th Amendment via 42 U.S.C. § 1983 and North Carolina Law)

46. Defendant, through its employee(s), discriminated against Plaintiff based on her gender, treating her less favorably than male passengers and subjecting her to demeaning and intimidating comments during the course of her travel.

47. Defendant's gate agent, acting within the scope of her employment, stated loudly, "I'm not playing with that girl today," in a tone and manner that was intimidating, demeaning, and dismissive. This comment was also made loudly in the presence of other passengers and was directed at Plaintiff in a discriminatory manner based on her gender.

48. Defendant's gate agent provided preferential treatment to male passengers by offering them seating options that were denied to Plaintiff, despite the earlier claim by Defendant's employee that no additional seating options were available. Defendant stated less east were available to the Plaintiff than was offered to the male passenger.

49. Defendant's gate agent's gender-based remarks and differential treatment created a hostile and discriminatory environment for Plaintiff, causing her emotional distress, humiliation, and further exacerbating the grief she was experiencing while traveling to a memorial funeral.

50. Defendant's actions, through its employees, violated Plaintiff's rights under:

• (a) The Equal Protection Clause of the 14th Amendment, made enforceable through 42 U.S.C. § 1983, by treating Plaintiff less favorably than similarly situated male passengers and subjecting her to a discriminatory environment.

• (b) North Carolina state law, which prohibits gender discrimination in public accommodations and transportation services, including the treatment Plaintiff received as a passenger.

51. Defendant's actions were intentional, malicious, and carried out with reckless disregard for Plaintiff's civil rights and dignity.

52. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered significant damages, including but not limited to:

• (a) Emotional distress, anxiety, humiliation, and trauma.

• (b) Reputational harm from being defamed, ridiculed and demeaned in a public setting.

• (c) Financial losses arising from the emotional and professional disruptions caused by Defendant's conduct.

53. Plaintiff seeks compensatory damages for the harm caused by Defendant's gender discrimination and punitive damages to deter Defendant from engaging in similar discriminatory behavior in the future.

Count 5: Invasion of Privacy (North Carolina Law)

54. Defendant unlawfully intruded upon Plaintiff's privacy by coercing her to surrender her personal phone, as Defendant searched through Plaintiff's private phone and deleted private recordings under duress. Plaintiff seeks compensatory and punitive damages for the gross violation of her right to privacy.

• (a) Plaintiff's personal phone and the recording was her personal property that Defendant had no right to demand access to.

• (b) Plaintiff's phone included not just the recordings but other private and personal information that Defendant had access to.

• (c) Defendant invaded Plaintiff's personal space, coming uncomfortably close to the Plaintiff in the coercion for surrendering the phone.

• (d) The Defendant's invasion of personal space also further intimidated Plaintiff.

Count 6: Defamation (Slander) (North Carolina Law)

55. Defendant's employee loudly made false and defamatory statements about Plaintiff, including and not limited to claims that Plaintiff was "mad because you can't get a seat for free," that Plaintiff does not deserve a hello, that Defendant is "not playing with that girl" that she needed to pay for a seat, leave or be kicked off the flight, damaging Plaintiff's reputation in front of other passengers and bystanders. Defendant's actions were intentional, malicious and negligent and sought to ridicule and make false accusations that the client was attempting to engage in misconduct, could not afford a seat, wanted a seat for free, and did not deserve to be on the plane. Plaintiff seeks compensatory and punitive damages.

56. These statements were made publicly and in the presence of other passengers, causing Plaintiff significant reputational harm. The statements were unprivileged and intended to disparage Plaintiff's character. The statements falsely and publicly claimed Plaintiff was attempting to engage in misconduct, wanted a seat "for free", could not afford a better seat, that she did not deserve to be on the flight and should be kicked off, that she did not deserve access to the same seating availability as the white male passenger, that she did not deserve the same greeting as the white male passenger such as "a hello" and that she was inferior and inadequate.

Plaintiff seeks compensatory and punitive damages for the slanderous and humiliating statements made by the Defendant.


Count 7: Intentional Infliction of Emotional Distress (North Carolina Law)

57. Defendant's conduct was extreme and outrageous, including invasion of privacy, slander, public humiliation, discriminatory remarks, threats, coercion, blackmail and extortion. The laughter by the gate agent's coworker during the interaction further amplified the humiliation and emotional trauma experienced by Plaintiff.

58. Plaintiff suffered significant damages as a direct and proximate result of Defendant's conduct, including but not limited to:

a. Severe emotional distress, anxiety, sleeplessness, humiliation, and trauma that is now inseparably linked to the memory of the deceased, a dear family member plaintiff deeply and personally attempted to save as a primary caretaker before they died;

b. Irreparable reputational harm caused by defamatory statements made publicly in a humiliating manner;

c. Financial losses due to professional and personal life disruptions caused by Defendant's abuse and unlawful behavior;

59. This conduct caused Plaintiff severe emotional distress, including anxiety, humiliation, and chronic trauma, particularly as Plaintiff was traveling to attend a memorial funeral, an emotionally sensitive and time-critical event.

60. Plaintiff's emotional distress has been documented by chronic episodes of distress and anxiety directly related to the incident. Plaintiff has even rerouted travel to avoid the Defendant's airport out of fear, anxiety and distress.

Plaintiff seeks compensatory and punitive damages for the psychological harm suffered due to Defendant's conduct.


## Count 8: Coercion/Duress (Federal and North Carolina Law)

61. Defendant's employees threatened to prevent Plaintiff from boarding her flight unless she complied with unlawful demands, placing Plaintiff under coercion and duress and causing harm during an already devastating time. Plaintiff seeks compensatory and punitive damages for the harm caused by Defendant's unlawful conduct.


## Count 9: Blackmail (North Carolina Law)

62. Defendant's actions in coercing Plaintiff to hand them her phone so they can search through her phone and delete audio and coercing Plaintiff to delete lawful audio recordings under threat of not being allowed to board her flight constitute blackmail, as the Defendant demanded the phone and deletion of the recording in exchange for allowing Plaintiff to board for a time-sensitive flight to a memorial funeral.

63. North Carolina law defines blackmail as the use of threats to obtain something of value, and the forced handing over of her phone and deletion of Plaintiff's recording meets this standard. Defendant also used invasion of personal space to obtain the phone.

Plaintiff seeks compensatory and punitive damages for the harm caused by this unlawful conduct.


## Count 10: Breach of Contract (North Carolina Law)

64. Defendant breached its contract to provide transportation services by conditioning Plaintiff's ability to board the flight on compliance with unlawful demands. Defendant's actions, including denying Plaintiff access to seating, making false claims about seat availability, and coercing her to delete a lawful recording, were breaches of the implied covenant of good faith and fair dealing inherent in all contracts for transportation services.

Plaintiff seeks compensatory and punitive damages.


## Count 11: Unfair and Deceptive Trade Practices (N.C. Gen. Stat. § 75-1.1)

65. Defendant's gate agent engaged in unfair and deceptive trade practices by misrepresenting seat availability to Plaintiff, while providing different information to a white male passenger, and using discriminatory practices in violation of public policy. This constitutes unfair and deceptive trade practices under North Carolina Law.

66. This conduct directly harmed Plaintiff, interfering with her ability to receive services on fair and equal terms.

Plaintiff seeks compensatory and punitive damages.

Count 12 – Obstruction of Justice

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

68. Defendant, through its employees and agents, obstructed the administration of justice by unlawfully removing, tampering with, and deleting evidence that was critical to the Plaintiff's legal claims. Specifically, Defendant's employees, including a gate agent and supervisor, coerced Plaintiff into handing over her personal phone and, under duress, deleted lawful audio recordings Plaintiff had made to document the incident.

69. Defendant's actions, including the unlawful search of Plaintiff's phone and deletion of evidence, directly obstructed Plaintiff's ability to pursue legal action, file a report with law enforcement, and seek a remedy for the unlawful treatment she suffered.

70. The tampering and removal of evidence prevented Plaintiff from preserving important information related to the alleged misconduct, including Defendant's discriminatory practices, invasion of privacy, and other wrongful acts, thereby impairing the legal process.

71. As a direct result of Defendant's obstruction of justice, Plaintiff has suffered significant emotional distress, reputational harm, and delays in her pursuit of justice.

72. As a direct result of Defendant's obstruction of justice, Plaintiff has suffered irreparable loss of evidence, greatly impacting her right to pursue action.

VI. OBSTRUCTION OF JUSTICE AND EVIDENCE TAMPERING

73. Plaintiff alleges that Defendant, through its agents and employees, engaged in the intentional destruction and tampering of evidence relevant to this matter, constituting obstruction of justice.

74. On or about December 30, 2023, during the events giving rise to this lawsuit, Defendant's agents unlawfully searched Plaintiff's private phone under duress and using invasion of physical space, deleted lawful audio recordings that Plaintiff had created to document Defendant's

discriminatory and egregious conduct, and further coerced Plaintiff into deleting additional recordings.

75. Plaintiff reasonably believes that these recordings were destroyed with the intent to prevent Plaintiff from preserving evidence that could substantiate her claims of discrimination, invasion of privacy, defamation, and other causes of action alleged herein.

76. The destruction of these recordings occurred prior to the initiation of this lawsuit, but at a time when Defendant knew or reasonably should have known that the evidence would be relevant to potential legal claims or an investigation.

77. Defendant's actions in destroying this evidence and coercing Plaintiff into further deletion constitute an intentional and willful interference with Plaintiff's ability to seek justice and hold Defendant accountable for its unlawful conduct.

78. Under federal and state laws, including but not limited to 18 U.S.C. § 1519, the intentional destruction of evidence with the intent to impede potential legal proceedings constitutes obstruction of justice. Defendant's conduct in this regard is reprehensible and further demonstrates its pattern of unlawful behavior.

79. Plaintiff has suffered significant harm as a result of Defendant's obstruction and evidence tampering, as it has impaired Plaintiff's ability to provide direct evidence of Defendant's misconduct and has exacerbated the emotional distress Plaintiff has already endured.

VII. DAMAGES

80. Plaintiff seeks the following relief:

• Compensatory Damages: For ongoing emotional distress, reputational harm, financial losses, and the compounded trauma of this incident occurring while traveling to a memorial funeral. This includes therapy costs and the lasting impact on Plaintiff's mental health, including anxiety and distress.

• Punitive Damages: To deter Defendant from engaging in similar conduct.

• Statutory Damages: Trebled damages under N.C. Gen. Stat. § 75-16 for unfair and deceptive trade practices.

• Invasion of Privacy Damages: Plaintiff seeks damages for the unlawful invasion of privacy caused by Defendant's coercion to surrender Plaintiff's phone to Defendant, Defendant searching through Plaintiff's phone and deleting lawful recordings. The emotional distress and reputational harm caused by this intrusion into Plaintiff's private affairs were severe.

• Blackmail Damages: Plaintiff seeks damages for blackmail caused by Defendant's unlawful threats to prevent Plaintiff from boarding unless she handed them her phone to have it searched through so Defendant can delete audio and unless Plaintiff deleted lawful recordings. These threats caused Plaintiff significant emotional distress, anxiety, and humiliation.

• Defamation and Slander Damages: Plaintiff seeks damages for the defamatory statements made by Defendant's employees, including and not limited to, the false and harmful claim that Plaintiff was "mad because you can't get a seat for free" and that Plaintiff does not deserve a hello. These statements were made publicly and have caused significant reputational harm and emotional distress.

• Discrimination Damages: Plaintiff seeks damages resulting from the racial and gender discrimination she endured including and not limited to Defendant stating "I'm not playing with that girl today" and access to seating being denied to Plaintiff and later offered to a white male passenger. The discriminatory treatment by Defendant's employees, including disparate treatment based on race and gender, caused Plaintiff emotional distress, reputational harm, and ongoing anxiety related to her mistreatment.

• Intentional Infliction of Emotional Distress Damages: Plaintiff seeks damages for the intentional infliction of emotional distress caused by Defendant's extreme and outrageous conduct. The gate agent's public humiliation, discriminatory remarks, and coercive behavior, coupled with the lack of intervention by Defendant, resulted in significant emotional trauma and distress for Plaintiff. The gate agent also escalated the incident multiple times, displaying flagrant abuse.

• Coercion and Duress Damages: Plaintiff seeks damages for the coercion and duress imposed by Defendant's employees, who demanded that Plaintiff surrender her phone, as Defendant searched through Plaintiff's phone and deleted audio and demanded deleting lawful recordings under threat of not allowing Plaintiff to board the flight. These unlawful demands caused Plaintiff severe emotional distress and anxiety, further compounding the trauma already experienced.

• Violation of Wiretapping Laws Damages: Plaintiff seeks damages for the violation of her rights under federal wiretapping laws (18 U.S.C. § 2511), as Defendant unlawfully interfered with her lawful recording of Defendant's misconduct and unlawful behavior. The coercion to have her personal phone searched and have audio deleted and to delete the recordings caused Plaintiff emotional distress, violation of her privacy rights, and reputational harm.

• Breach of Contract Damages: Plaintiff seeks damages for Defendant's breach of contract by conditioning her ability to board the flight on unlawful demands. Defendant's actions interfered with Plaintiff's right to receive services under the terms of the transportation contract and caused her emotional distress and harm.

• Unfair and Deceptive Trade Practices (UDTPA) Damages: Plaintiff seeks damages under North Carolina's Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1 and N.C. Gen. Stat. § 75-16) for Defendant's unfair and discriminatory treatment. Defendant's actions, including misrepresenting seat availability and engaging in discriminatory practices, caused

Plaintiff significant emotional distress and reputational harm and disrupted her ability to receive services on fair and equal terms.

• Extortion Damages: Plaintiff seeks damages under Federal and state law (18 U.S.C. § 1951 - Hobbs Act and 18 U.S.C. § 1030) for emotional distress, anxiety, humiliation and deprivation of legal rights as a result of Defendant's extortionate conduct, including fear of being denied boarding during a time-critical trip to attend a memorial funeral. Defendant demanded that Plaintiff surrender her phone so defendant and search through Plaintiff's phone and delete audio and demanded Plaintiff to delete lawful recordings under threat of not allowing her to board the flight. These unlawful demands caused Plaintiff tangible and intangible harm. Defendant not only sought to conceal its wrongful conduct but also engaged in criminal behavior intended to intimidate and suppress evidence. This further exacerbates the severity of Defendant's actions and supports Plaintiff's claim for punitive damages.

• Obstruction of Justice Damages: Plaintiff seeks damages for the obstruction of justice caused by Defendant's intentional destruction and tampering with evidence critical to Plaintiff's legal claims. Defendant's employees unlawfully coerced Plaintiff into handing over her personal phone and deleting lawful recordings that documented Defendant's unlawful and discriminatory conduct. This obstruction impaired Plaintiff's ability to pursue legal action, collect evidence, and hold Defendant accountable. The destruction of evidence has caused Plaintiff further emotional distress, anxiety, and reputational harm, as it obstructed her path to justice and deprived her of key evidence necessary to support her claims.

• Attorneys' Fees and Costs: As allowed under applicable statutes.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Compensatory Damages:

a. For the emotional distress, anxiety, humiliation, and trauma suffered by Plaintiff as a result of Defendant's conduct, including the extortionate, discriminatory, physically intimidating and humiliating actions taken during a time-critical trip to attend a devastating memorial funeral, that is now inseparably linked to this traumatic experience.

b. For reputational harm caused by Defendant's defamatory statements and the demand to delete a lawful recording, which prevented Plaintiff from preserving evidence of Defendant's wrongful and unlawful conduct.

c. For any financial or economic harm suffered by Plaintiff as a direct result of Defendant's actions, including ongoing or future costs related to the mental and emotional harm caused.

2. Restitution:

a. For the value of the property unlawfully coerced from Plaintiff (i.e., the deleted audio recordings and the possession of the phone to delete recordings), which was wrongfully obtained through extortion, threats, and duress.

3. Punitive Damages:

a. To punish Defendant for its malicious, intentional, and extortionate conduct and to deter similar unlawful behavior in the future.

4. Award treble damages under North Carolina's UDTPA.

a. Under North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA) for the harm caused by Defendant's unlawful conduct, including discriminatory treatment and extortion.

5. Prejudgment and Postjudgment Interest:

a. As allowed by law, to compensate Plaintiff for the delay in receiving relief for the harm caused by Defendant.

6. Attorneys' Fees and Costs:

a. For all costs and fees incurred in bringing this action, as permitted by law.

7. Non-Monetary Relief:

a. Order Defendant to provide employee training on civil rights, privacy laws, anti-discrimination, anti-harassment, anti-extortion, and customer service best practices. This training should include cultural sensitivity, implicit bias, and the legal consequences of abusive and discriminatory behavior to prevent future incidents and ensuring future compliance with federal and state laws, and promoting dignity of all customers.

Evidence in support: Witness testimonies, prior cases and Plaintiff's personal experience show a clear patten of discriminatory behavior and customer mistreatment by employees. Records of ongoing complaints and prior incidents of similar conduct may support the need for comprehensive training within Defendant's workforce.

8. Obstruction of Justice Damages:

a. For the obstruction of justice caused by Defendant's intentional destruction and tampering with evidence critical to Plaintiff's legal claims. Defendant's actions, including the unlawful coercion to delete recordings and search Plaintiff's phone, prevented Plaintiff from preserving crucial evidence of Defendant's misconduct and interfered with Plaintiff's ability to seek justice. This obstruction has caused Plaintiff emotional distress, anxiety, and reputational harm.

9. Specific Damages Award Requested:

Award compensatory and punitive damages to Plaintiff in the amount of $4,000,000, broken down as follows:

a. $1,000,000 in compensatory damages for emotional distress, mental anguish, and reputational harm.

b. $1,000,000 for the ongoing trauma and psychological harm suffered due to the discriminatory, extortionate, and humiliating treatment.

c. $5,000 for the financial losses and disruptions to Plaintiff's professional and personal life resulting from Defendant's conduct.

d. $995,000 in punitive damages to deter similar conduct by Defendant and to serve as a deterrent to other corporations.

e. $1,000,000 for the lasting psychological impact that has permanently altered Plaintiff's life, including ongoing anxiety, emotional distress, and fear associated with flying and traveling.

10. Other and Further Relief:

Grant such other and further relief as the Court deems just and proper under the circumstances.

## IX. CLAIMS FOR RELIEF

### A. Invasion of Privacy

Plaintiff asserts that Defendant's conduct constituted an unlawful invasion of privacy. Specifically, Defendant's actions of coercing Plaintiff to surrender her phone so Defendant can search through her phone to delete recordings and coercing Plaintiff to delete lawful recordings of the incident directly violated Plaintiff's right to privacy.

Invasion of privacy is recognized under North Carolina law, which protects an individual's right to privacy and prohibits unwarranted intrusions into private affairs. North Carolina courts recognize that the wrongful interference with someone's personal space, private communications, or private matters constitutes an invasion of privacy.

In N.C. Gen. Stat. § 14-202, it is unlawful for a person to intrude upon the solitude or seclusion of another in a manner that would be highly offensive to a reasonable person. Defendant's demand that Plaintiff surrender her phone to be searched and have audio deleted and to delete her lawful recordings and its attempts to prevent Plaintiff from retaining evidence of the incident is an egregious intrusion into Plaintiff's private affairs.

Defendant's actions were done with the intent to suppress evidence of discriminatory and unlawful behavior and to humiliate Plaintiff in front of other passengers. This unlawful intrusion into Plaintiff's private communication, by coercing her surrender her phone to be searched and to have recordings deleted, caused Plaintiff significant emotional distress, reputational harm, and violation of her privacy rights.

Therefore, Plaintiff seeks damages for the unlawful invasion of privacy committed by Defendant.


## B. Racial and Gender Discrimination (42 U.S.C. § 1981 and Title VII)

Plaintiff asserts that Defendant, American Airlines, subjected Plaintiff to racial and gender discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. On December 30, 2023, while attempting to board a flight at Charlotte, North Carolina Airport, Defendant's gate agent publicly humiliated Plaintiff by making discriminatory comments based on her race and gender. Specifically, the gate agent made disparaging remarks about Plaintiff and refused her access to essential services, including boarding a flight. Defendant's actions were discriminatory, intentional, and calculated to harm Plaintiff based on her race and gender.

Legal precedent supports Plaintiff's claim. In Runyon v. McCrary, 427 U.S. 160 (1976), the Court held that racial discrimination in public accommodations, including transportation services, constitutes a violation of 42 U.S.C. § 1981. Similarly, Griggs v. Duke Power Co., 401 U.S. 424 (1971), established that discriminatory actions by an employer or service provider that disproportionately impact individuals of certain races or genders are actionable under Title VII. Defendant's conduct, therefore, violated Plaintiff's rights under both statutes.

Plaintiff further asserts that Defendant's actions were part of a broader pattern of discriminatory behavior at airports, and similar complaints have been filed by other passengers regarding discriminatory treatment by Defendant's employees. Records show a spate of discriminatory incidents. In 2017 the NAACP issued a travel warning against Defendant due to recurring discrimination complaints. This year, 8 passengers of color, who were seated in different areas, and did not all know each other, were removed from the Defendant's plane because a flight attendant complained of odor. In 2019 a female passenger of color was humiliated on a plane for her clothing. Earlier this year, a former judge was discriminated against as a flight attendant made her use an economy bathroom even though she was sitting in first class. Defendant has failed to provide appropriate training or oversight to its employees, resulting in systemic discrimination against passengers based on race and gender.


## C. Defamation (Slander)

Plaintiff further asserts that Defendant defamed her by making false and damaging statements regarding her character and behavior during the incident. Defendant's gate agent falsely accused Plaintiff of inappropriate conduct in front of other passengers, thereby damaging Plaintiff's reputation and causing emotional distress. Such false statements constitute slander per se, as they relate to Plaintiff's personal character and integrity.

As stated in New York Times Co. v. Sullivan, 376 U.S. 254 (1964), defamatory statements that damage a person's reputation can form the basis of a lawsuit. Defendant's conduct was malicious, as evidenced by the gate agent's intentional false statements made publicly with the knowledge that they would harm Plaintiff's reputation. Furthermore, the false statements made

by Defendant's agent were not protected by any privilege, and Defendant has failed to offer any defense against the defamatory nature of the statements.


## D. Intentional Infliction of Emotional Distress (IIED)

Defendant's conduct also meets the criteria for intentional infliction of emotional distress (IIED). The gate agent's actions were outrageous and extreme, designed to humiliate and embarrass Plaintiff in a public setting. The agent's refusal to provide essential services, coupled with the verbal abuse, created a hostile and emotionally distressing environment for Plaintiff, resulting in severe emotional harm.

In Harris v. Jones, 380 A.2d 611 (Md. 1977), the court held that outrageous conduct resulting in severe emotional distress could form the basis of an IIED claim. Similarly, in Wilkins v. Packer, 303 N.C. 397 (1981), North Carolina courts have recognized that such conduct, when intentional and malicious, warrants compensation for emotional distress. Defendant's conduct in this case was extreme, outrageous, and designed to inflict harm upon Plaintiff.


## E. Coercion, Blackmail and Extortion

Plaintiff also asserts that Defendant engaged in coercion, blackmail and extortion in an attempt to suppress evidence of the discriminatory and egregious behavior. Specifically, Defendant's employees demanded that Plaintiff hand the Defendant her phone so the Defendant can search through it and delete recordings and coerced the Plaintiff to delete recordings of the discriminatory and unlawful incident under threat of escalating the situation and preventing her from boarding the flight. Defendant's conduct meets the legal definitions of coercion, blackmail and extortion under North Carolina law as well as federal law. This conduct constitutes coercion, blackmail and extortion, as defined by North Carolina law in State v. Gordon, 349 N.C. 244 (1998), and People v. Beasley, 158 Cal. App. 3d 361 (1984) and in federal law. This conduct constitutes coercion, blackmail and extortion, as defined by federal law in United States v. Morrow, 537 F.2d 120 (3d Cir. 1976), United States v. Jackson, 180 F.3d 554 (7th Cir. 1999), and United States v. Brantley, 537 F.3d 701 (7th Cir. 2008.

By attempting to coerce Plaintiff into surrendering her phone to be searched through to delete recordings and to coerce Plaintiff into deleting recordings, Defendant not only sought to conceal its wrongful conduct but also engaged in criminal behavior intended to intimidate and suppress evidence. This further exacerbates the severity of Defendant's actions and supports Plaintiff's claim for punitive damages.

Under 18 U.S.C. § 1951, extortion is defined as the obtaining of property or money through wrongful threats or fear. Extortion can also involve threats to prevent someone from doing something lawful, such as Plaintiff's right to keep a lawful recording. Defendant's actions in demanding that Plaintiff surrender her phone for search and audio deletion and demand to delete recordings, under the threat of preventing her from boarding the flight, constitute extortion under this statute.

Federal case law supports this claim:

• United States v. Morrow, 537 F.2d 120 (3d Cir. 1976): In this case, the Third Circuit Court of Appeals held that threats to obtain property through intimidation, including the wrongful use of authority to coerce someone into surrendering property, are actionable under federal extortion laws. Defendant's actions of forcing Plaintiff to surrender her phone for search and deleting audio and forcing her to delete the recording by threatening to prevent her from boarding, fit within this framework of extortion.

• United States v. Jackson, 180 F.3d 554 (7th Cir. 1999): The Seventh Circuit Court of Appeals affirmed that the use of threats of harm, whether physical or reputational, to coerce someone into giving up property constitutes extortion. Defendant's use of the threat to deny Plaintiff boarding unless she complied with their demand to give them her phone to be searched and have audio deleted and to delete recordings is a clear example of this form of coercion.

• United States v. Brantley, 537 F.3d 701 (7th Cir. 2008): This case involved a defendant using threats to gain control of property and influence actions unlawfully. The court held that such conduct met the criteria for extortion under federal law, which parallels the actions Defendant took in this case to compel Plaintiff to hand them her phone for search and audio deletion and to delete recordings of the discriminatory and unlawful incident.

Defendant's threat to prevent Plaintiff from boarding unless she gave them her phone to be searched and have audio deleted and unless she deleted recordings fit the definition of extortion under 18 U.S.C. § 1951, as it involves the wrongful use of coercion to obtain control over Plaintiff's property (the phone and the recording). These actions were unlawful and were done with the intent to suppress evidence and intimidate Plaintiff.

Under N.C. Gen. Stat. § 14-2.3, coercion is defined as the act of using threats or force to compel someone to act against their will or refrain from lawful action. Defendant's threat to prevent Plaintiff from boarding the flight unless she surrendered her phone for search and audio deletion and unless she deleted recordings constitutes unlawful coercion, compelling Plaintiff to delete her lawful recording under duress.

Additionally, Defendant's actions also constitute blackmail, as defined by N.C. Gen. Stat. § 14-118.4, which makes it a criminal offense to obtain something of value through threats or demands. Defendant's threat to prevent Plaintiff from boarding unless she complied with their demand to surrender her phone for search and audio deletion and the demand to delete recordings fits the definition of blackmail, as Defendant used the threat of harm to obtain control over Plaintiff's phone and the recordings.

These actions by Defendant were not only unlawful but were also done with the intent to suppress evidence and intimidate Plaintiff. Therefore, Plaintiff seeks damages for the unlawful coercion and blackmail committed by Defendant.

F. Violation of Wiretapping Laws (18 U.S.C. § 2511)

Plaintiff asserts that Defendant's actions violated federal wiretapping laws. Plaintiff was recording the discriminatory and unlawful encounter when Defendant's gate agent unlawfully interfered with the recording and coerced Plaintiff into handing her phone to defendant so Defendant can search through and delete recordings and coerced Plaintiff into deleting recordings. The defendant's actions constitute an unlawful interception and deletion of private communications, violating 18 U.S.C. § 2511, which protects against unauthorized wiretaps and interceptions.

In Katz v. United States, 389 U.S. 347 (1967), the Court recognized that individuals have a reasonable expectation of privacy in public spaces, and unlawful interference with private communications constitutes a violation of federal wiretap laws. The facts of this case indicate that Defendant intentionally interfered with Plaintiff's recording to prevent evidence from being preserved, further compounding Defendant's unlawful behavior.


## G. Obstruction of Justice

Plaintiff asserts that Defendant's conduct also constitutes obstruction of justice. Specifically, Defendant engaged in actions designed to interfere with the lawful collection and preservation of evidence of discriminatory and unlawful behavior. By coercing Plaintiff into surrendering her phone to be searched and forcing her to delete lawful recordings, Defendant not only violated Plaintiff's rights but also actively sought to destroy evidence of its misconduct. This conduct obstructed Plaintiff's ability to preserve crucial evidence needed to support her claims and hindered the judicial process.

Under 18 U.S.C. § 1503, obstruction of justice is defined as any act that influences, obstructs, or impedes the due administration of justice. Defendant's deliberate attempt to suppress and destroy recordings of the incident, knowing that such recordings were vital to the Plaintiff's case, constitutes a clear violation of this statute. Moreover, Defendant's actions fit the definition of obstruction under North Carolina law, which makes it a crime to intentionally interfere with the administration of justice by concealing or destroying evidence.

In United States v. Aguilar, 515 U.S. 593 (1995) – The U.S. Supreme Court held that obstruction of justice includes acts that influence or impede the investigation or judicial process. In this case, the Court found that an individual obstructed justice by attempting to influence a government official in the context of a pending investigation, which parallels Defendant's actions of tampering with Plaintiff's evidence.

In United States v. Stephens, 594 F.3d 1033 (8th Cir. 2010) – The court found that the destruction of evidence before a trial or investigation constitutes obstruction of justice. In this case, Defendant's attempt to delete Plaintiff's recordings, which were critical to her claims, is analogous to the destruction of evidence found in this case.

In State v. Kincaid, 295 N.C. 311 (1978) – North Carolina law recognizes that obstructing justice includes concealing or destroying evidence with the intent to hinder a legal proceeding. This case involved an individual who attempted to conceal a crime by hiding evidence. Defendant's

actions, which intentionally suppressed Plaintiff's lawful recordings, closely mirror this form of obstruction.

In United States v. Bradley, 171 F.3d 1299 (9th Cir. 1999) – In this case, the Ninth Circuit upheld a conviction for obstruction of justice when an individual attempted to destroy evidence that was crucial to an ongoing investigation. Defendant's actions to prevent Plaintiff from preserving her evidence similarly show an attempt to interfere with legal processes.

Defendant's obstruction of justice also exacerbates the harm caused to Plaintiff, as it denied her the ability to present critical evidence to support her claims. The deliberate suppression of evidence is a grave violation of Plaintiff's legal rights and further demonstrates Defendant's intent to evade accountability for its unlawful actions.

Plaintiff seeks compensatory and punitive damages for the obstruction of justice caused by Defendant, as well as any additional relief that the Court deems just and proper.


## X. CLAIM FOR PUNITIVE DAMAGES

Plaintiff asserts that Defendant's conduct was egregious, willful, and malicious, warranting an award of punitive damages. Under North Carolina law, punitive damages are available when a defendant's actions show a reckless disregard for the safety and rights of others or are undertaken with malice or oppression. In this case, Defendant's actions — including invasion of privacy, racial and gender discrimination, defamation, coercion, blackmail, extortion, unfair and deceptive trade practices, intentional infliction of emotional distress, evidence suppression, unlawful interference with Plaintiff's recording, and obstruction of justice — demonstrate a flagrant disregard for Plaintiff's rights and the legal process.

As established in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), punitive damages may be warranted when the defendant's conduct is especially reprehensible. Defendant's conduct in this case was not only harmful but also intentional and designed to cover up its wrongful acts. The malicious intent behind Defendant's actions, including the effort to intimidate Plaintiff into surrendering her phone to be searched, deleting recordings, and attempting to suppress evidence of the incident, coupled with the public humiliation of Plaintiff based on race and gender, justifies the award of punitive damages to deter Defendant from engaging in such conduct in the future.

In particular, Defendant's attempt to destroy or suppress evidence of its unlawful actions through coercion, threats, and the demand to delete recordings directly constitutes obstruction of justice. This conduct was designed to interfere with Plaintiff's ability to present evidence to support her claims, undermining the legal process and obstructing justice. As held in United States v. Aguilar, 515 U.S. 593 (1995), obstruction of justice involves intentional interference with the due administration of justice, and Defendant's actions meet this standard by attempting to conceal or destroy evidence crucial to Plaintiff's case. The suppression of evidence further exemplifies the malicious nature of Defendant's conduct.

Further, Defendant's failure to properly train its employees, despite prior complaints of similar misconduct, demonstrates a pattern of indifference toward the rights of passengers, warranting punitive damages as a deterrent to further unlawful behavior.

Punitive damages are necessary not only to compensate Plaintiff for the harm caused but also to serve as a deterrent to Defendant and other entities, ensuring that such reprehensible behavior is not repeated in the future.

Respectfully submitted,

Elvire Simonvil/Pro Se

2390 W Pico Blvd #75772

Los Angeles, CA 90075

954.358.9458

simonvilee@gmail.com